IN THE UNITED STATES FEDERAL COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **BARBARA BOYTE,** | ) |
| | ) Case No.:3:16-cv-02799 |
| **Plaintiff,** | ) |
| | ) **JUDGE TRAUGER** |
| v. | ) **MAGISTRATE JUDGE NEWBERN** |
| | ) |
| **DAVID J. SHULKIN, M.D., Secretary,** | ) |
| **Department of Veterans Affairs,** | ) |
| | ) **JURY DEMAND** |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Barbara Boyte, by and through counsel, and respectfully submits his Complaint against Defendant, David J. Shulkin, Secretary, Department of Veteran's Affairs; and in support thereof would allege as follows:

## PRELIMINARY STATEMENT

1. This action seeks declaratory, injunctive and equitable relief, compensatory and punitive damages, and costs and attorney's fees for the disability discrimination, retaliation, suffered by Plaintiff in her treatment by Defendant.

## JURISDICTION

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(4), 42 U.S.C. § 2000e-5(f), 29 U.S.C. § 206, et. seq., 29 U.S.C. § 791, et. seq.

3. This Court has supplemental jurisdiction over all state law claims alleged in this complaint under 28 U.S.C. § 1367 as there is a common nucleus of operative facts between the state and federal law claims.

4. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g). Compensatory and punitive damages are sought pursuant to 42 U.S.C. § 1981a.

5. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e-5(k) and Fed. R Civ. P 54.

## AND VENUE

6. This action properly lies in the Middle District of Tennessee, at Nashville, pursuant to 29 U.S.C. § 1391(b), because the claim arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in this judicial district.

## PARTIES

1. Plaintiff, Barbara Boyte, is a citizen and resident of Sumner County, Tennessee and has a targeted disability as of the federal government as an employer

2. Defendant, David J. Shulkin, ("Defendant" or "VA") Secretary of the United States Department of Veterans Affairs, is sued in his official capacity. He now assumes responsibility and liability for his predecessor(s) as the head of Plaintiff's federal government employer agency and is responsible for the conduct, acts, and omissions of the employer's employees and agents and their compliance with or violations of the statutes complained of herein. Reference to any of the Defendant's employees, managers, directors, or supervisors in this action is intended to impute their acts and omissions to the Defendant as if committed by Defendant under the legal doctrine of "agency" and "employer/employee" doctrines applicable to such causes of action. Secretary Shulkin will be served in his official capacity at 810 Vermont Avenue, NW

Washington DC 20420, 20310, through counsel of record, Mercedes C. Maynor-Faulcon, Middle District of Tennessee, 110 Ninth Avenue, S, Suite A961, Nashville, Tennessee, 37203-3870.

## FACTS

3. Plaintiff was hired by the VA Medical Center in Nashville on or February 25, 2013.

4. Plaintiff suffers from a significant hearing impairment that is a disabling condition because of the difficulty that it creates with communication.

5. In or about October 2013, Plaintiff was placed in a patient population by Defendant, a many number of which suffered from MRSA. Plaintiff was more susceptible to the debilitating effects of MRSA given her disability. Defendant ignored Plaintiff's doctor's instruction.

6. As a result, direct and proximate, Plaintiff contracted MRSA in addition to her disability. Due to this contraction Plaintiff underwent multiple surgeries and was required to take multiple leaves of absence under the Family Medical Leave Act. During this time, Plaintiff made multiple requests for accommodations while going thru her medical procedures and recovery.

7. In 2015, Plaintiff requested accommodations due to her disability, including but not limited to job reassignments to vacant positions that Plaintiff was qualified for.

8. All of the positions that Plaintiff requested would have kept Plaintiff employed at the RN2 Step 12 level.

9. Instead, Plaintiff was demoted to a GS4 Step 10, Scanning Specialist.

10. On or about October 8, 2015, Plaintiff requested to be reassigned to a comparable, vacant position of Nursing Coordinator for Performance Measurements. This request was denied.

11. Plaintiff has made at least four subsequent requests for reassignment to comparable, vacant positions. All of these requests have been denied or ignored. As such Defendant has failed to engage in the interactive process.

### COUNT ONE
**(Violations of the Rehabilitation Act, 29 U.S.C. § 791, et. seq., as guided by the Americans with Disabilities Act,42 U.S.C. §§ 12101-12213, as amended and the Tennessee Disability Act, T.C.A. 8-50-103(b))**
**Failure to Accommodate, Retaliation and Hostile Work Environment**

12. Plaintiff incorporates by reference, as if fully set forth herein, all preceding paragraphs of this complaint.

13. Plaintiff is an individual with a disability or perceived to have a disability as defined under the Americans with Disabilities Act. Defendant discriminated against Plaintiff in violation of the above-referenced act and further failed to accommodate Plaintiff based on her disability or perceived disability.

14. Defendant is an "employer" as defined under the ADA as referenced by the Rehabilitation Act.

15. Plaintiff was at all relevant times, qualified to perform the essential functions of her position.

16. Because her disability, Plaintiff requested an accommodation.

17. Defendant failed to engage in the interactive process to provide a reasonable accommodation.

18. Plaintiff alleges her disability was a motivating factor for the reassignment which resulted in a significant decrease in pay and benefits and a violation of 42 U.S.C.A. § 12112(a).

19. Plaintiff alleges that the intentional acts and omissions of Defendant as described herein constitute violations of the Rehabilitation Act, 29 U.S.C. § 791, et. seq., and the Americans with Disabilities Act of 1990 (the "ADA"), which entitle Plaintiff to compensatory damages, reinstatement to RN 2 Step 12, front pay, back pay including any and all benefits, and attorney's fees and costs.

20. Plaintiff was denied repeated requests for reassignment to comparable, vacant positions. Plaintiff was retaliated against as a result of her requests for reassignment, and has suffered a hostile work environment due to her disability and requests for reassignment.

21. As a direct and proximate result of Defendant's violation of the Americans with Disabilities Act, Plaintiff has suffered and continues to suffer loss of income and other employment benefits, distress, humiliation, embarrassment and emotional pain and suffering and other damages.

## COUNT TWO
**(Violations of the Equal Pay Act, 42 U.S.C. 2000a, 42 U.S.C. 2000e-5 as amended)**

22. Plaintiff incorporates by reference, as if fully set forth herein, all preceding paragraphs of this complaint.

23. Plaintiff has a disability and requested an accommodation under the Rehabilitation Act which is protected under the Equal Pay Act.

24. Defendant failed to engage in the interactive process and denied Plaintiff a reasonable accommodation.

25. Defendant reassigned Plaintiff at a position in a direction violation of the Rehabilitation Act because Plaintiff requested a reasonable accommodation.

26. As a direct and proximate result of Defendant's violation of the Equal Pay Act, Plaintiff has suffered and continues to suffer loss of income and other employment benefits, distress, humiliation, embarrassment and emotional pain and suffering and other damages.

## COUNT THREE
### (Violations of Title VII of Civil Rights Act, as amended, as amended (42 U.S.C. 2000e-16) retaliation (reprisal) for protected activities)

27. Plaintiff incorporates by reference, as if fully set forth herein, all preceding paragraphs of this complaint.

28. Plaintiff requested a reasonable accommodation due to her extreme deafness and the effects of having contracted MRSA during her employment.

29. After requesting a reasonable accommodation, she was demoted from a Title 38 position to a Title 5 position and her salary was decreased by nearly 50% along with additional fringe benefits being decreased significantly.

30. Defendant reassigned Plaintiff because and as a direct and proximate result of requesting a reasonable accommodation as a result of her deafness and MRSA that she contracted during the course of her employment.

31. As a direct and proximate result of Defendant's violation of the Americans with Disabilities Act, Plaintiff has suffered and continues to suffer loss of income and other employment benefits, distress, humiliation, embarrassment and emotional pain and suffering and other damages.

## COUNT FOUR
### (Violations of Plaintiff's due process rights under 42 U.S.C. § 1981a)

32. Plaintiff incorporates by reference, as if fully set forth herein, all preceding paragraphs of this complaint.

33. Plaintiff engaged in conduct protected by Title VII of the Civil Rights Act of 1964.

34. Plaintiff was reassigned because she requested an accommodation because of her disability.

35. Because Plaintiff requested an accommodation because of her disability, Defendant reassigned her from a Title 38 employee licensed nursing position, cut her pay by nearly 50%, and reassigned to a Title 5 employee, a scanning position.

36. Plaintiff claims defendant discriminated against her because Plaintiff requested a reasonable accommodation which is protected by under Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 1981.

37. As a direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff has suffered and continues to suffer loss of income and other employment benefits, distress, humiliation, embarrassment and emotional pain and suffering and other damages.

## PRAYER FOR RELIEF

Wherefore, Premises Considered, Plaintiff prays of this Honorable Court as follows:

   a. Grant the plaintiff a permanent injunction enjoining the defendant, its agent, employees, successors, and those acting in concert with the defendant from continuing to violate the rights of the plaintiff.

   b. Grant the plaintiff an order requiring the defendant to reinstate the plaintiff to his former job position, and to make the plaintiff whole with appropriate back pay, lost seniority, and fringe benefits, prejudgment interest and otherwise.

c.  Award the plaintiff the costs of this action including reasonable attorney's fees, and any such further relief as this court may deem just, proper, and equitable.

d.  That this matter be set for trial by jury;

e.  That Plaintiff be granted her reasonable attorney's fees and all discretionary costs in this action

Respectfully submitted;

**NASHVILLE VANGUARD LAW, PLLC**

/s/ Melissa A. Morris
Melissa A. Morris, BPR # 035018
404 James Robertson Pkwy, Suite 102
Parkway Towers Building
Nashville, TN 37219
Phone: 615-502-2386
Fax: 615-784-5454
Email: melissa.morris@nashvillevanguardlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September, 15 2017, the foregoing ***AMENDED COMPLAINT*** was filed electronically with the clerk of the Court using the CM/ECF system. Notice of this filing to be served by operation of the Court's electronic filing system upon the parties as indicated below. Parties may also access this filing through the court's ECF system.


Mercedes C. Maynor-Faulcon
TN BPR #013330
Assistant United States Attorney
110 Ninth Avenue South, Suite A-961
Nashville, TN 37203-3870
Telephone: (615) 736-5151
Email: Mercedes.maynor-faulcon@usdoj.gov

*Attorney for Defendant*


OF COUNSEL:
Kathleen Pohlid (BPR #022401)
Office of General Counsel
U.S. Department of Veterans Affairs
3322 West End Avenue, Suite 509
Nashville, TN 37203


                                                                     s/Melissa A. Morris
                                                                      Melissa Morris