IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BARBARA BOYTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO.: 3:16-cv-02799 |
| v. | ) | JUDGE TRAUGER |
| | ) | MAGISTRATE JUDGE NEWBERN |
| DAVID J. SHULKIN, M.D., Secretary, | ) | |
| U. S. Department of Veterans Affairs, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Defendant David J. Shulkin, M.D., Secretary, Department of Veterans Affairs ("VA"), by and through the United States Attorney for the Middle District of Tennessee and the undersigned Assistant United States Attorney, offers the following in support of his Motion to Dismiss or in the Alternative for Summary Judgment and states as follows:

## I.   STATEMENT OF FACTS

### A.  Plaintiff requests an accommodation of her disability.

"Plaintiff is an individual with a disability or perceived to have a disability as defined under the Americans with Disabilities Act." (D.E. 43: Am. Cmplt., ¶13 [PageID #487]) She claims "a significant hearing impairment that is a disabling condition because of the difficulty that it creates with communication" and "extreme deafness." (Id., ¶4 [PageID #486] & ¶28 [PageID #489]) She was hired by the VA Medical Center in Nashville ("TVHS") on or about February 25, 2013. (Id., ¶3 [PageID #486])  Upon hire on February 26, 2013, the VA provided Plaintiff with EEO training regarding VA policies and procedures for initiating a claim of discrimination, including the requirement to contact an EEO Counselor within 45 days of the alleged occurrence of

discrimination. (D.E. 11: Declaration of Diana Dilkes ("Dilkes' Decl."), pp. 3-4, ¶8 [PageID ##108-09] and D.E. 11-2: Dilkes' Decl., Ex. 2, pp. ROI_00164-66 [PageID #162-64])

In 2015 when Plaintiff was employed at the RN II, Step 12 level, she requested accommodations due to her disability, including but not limited to requesting "reassignment." (D.E. 43: Am. Cmplt., ¶¶7-8 [PageID #486]) In support of Plaintiff's request for accommodation, she presented a letter dated June 3, 2015 from her doctor who stated that he has been treating her since 2008 for her "loss of hearing and stenosis of the [ear] canal" and that she "should not function in a position that involves direct patient contact." (D.E. 11-2: Dilkes' Decl., Ex. 2, pp. ROI_00129-130 [PageID ##154-55])

### B. VA response to Plaintiff's request for accommodation.

When Plaintiff presented her request for accommodation, the essential duties of her position at that time - Staff Nurse II Outpatient Clinics - were "responsibil[ity] for the direct care of the patient," to include being "primarily responsible and accountable for assessing, planning, implementing and evaluating direct and indirect nursing care, and identifying outcomes for patients." (D.E. 11-2: Dilkes' Decl., Ex. 2, p. ROI_00135 [PageID #157]) Therefore, pursuant to the functional limitation set by Plaintiff's doctor prohibiting "direct patient contact," the VA determined Plaintiff was no longer able to perform the essential functions of her job because of her disability. (D.E. 11: Dilkes' Decl., p. 5, ¶11 [PageID #110]) The VA provided her notice of that determination via VA Form 0857h, Employee Limitations on Reassignment Options ("0857h") and offered to "seek a suitable position" for her. (Id., p. ROI_00159 [PageID #158]) On June 19, 2015, Plaintiff signed the 0857h, acknowledging notice of the VA's determination and its desire to retain her as an employee and seek a possible reassignment for her. (D.E. 11-2: Dilkes' Decl., Ex. 2, p. ROI_00159 [PageID #158]) Plaintiff also completed section 6 of the 0857h by

2

printing her name in the block stating that she is "willing to consider reassignment" and checked the box "to a different type of position for which [she is] qualified." (Id.) She also added written comments to the 0857h including: (1) that she is "able to perform essential functions – asking for modifications," and (2) adding "not acceptable clause" next to the VA's policy statement that its offer to seek a suitable position for her "does not guarantee [it] will be able to reassign [her] to a different position." (Id.)

### C. VA policy on reassignment as an accommodation.

The 0857h also put Plaintiff on notice of VA policies regarding reassignment as an accommodation. (Id.) In seeking a reassignment as an accommodation, the "VA will not be able to create a new position [and is] limited to identifying an existing position." (Id.) Additionally, the 0857h notified Plaintiff of VA policy regarding instances when an accommodation of reassignment cannot be made. (Id.) In such instance, "if VA cannot find a suitable position, the agency has *no further obligation to accommodate* [the employee], and [employee] will be advised of other options" (emphasis added). (Id.) Plaintiff signed the 0857h "certifying" her notice of that policy. (Id.) VA policy on reassignment as a reasonable accommodation for employees with a disability is also set forth in section 16, "Reassignment as a Reasonable Accommodation for Employees," of VA Handbook 5975.1. (Id. pp. ROI_259-62 [PageID ##165-68], also at www.va.gov/vapubs/viewPublication.asp?Pub_ID=732&FType=2) VA policy is that reassignment as an accommodation is a "*last resort*" and "will be considered *only if* there is no other accommodation that will enable the employee to perform the essential functions of his or her *current job*, and the employee has a permanent or long-term disability" (emphasis added). (Id., pp. ROI_00259-60 (VA Handbook 5975.1, pp. 27-28) [PageID ##165-66]) Therefore, the VA's offer to seek a reassignment for Plaintiff was an effort of "*last resort.*" (Id.)

3

**D. Interactive process and the VA's offer of reassignment.**

After Plaintiff notified the VA that she is willing to consider reassignment by signing and submitting the 0857h, Kawauna Hubanks, the VA Local Reasonable Accommodation Coordinator, initiated an interactive process with Plaintiff to look for vacant positions for which Plaintiff met the qualifications and which complied with the no direct patient contact restrictions set by her doctor. (Id., pp. ROI_00102-108 [PageID ##141-47]) Throughout this interactive process, the VA's goal was to maintain employment for Plaintiff, including soliciting information from her as to positions she would be interested in accepting and searching for existing and anticipated funded vacancies for which she met the qualifications and which satisfied her doctor's restrictions. (Id.)

During this process, Plaintiff was provided a list of fifteen different nursing positions along with the functional statements for those positions and was asked to give them to her doctor for his review and to provide the VA with her doctor's determination as to whether she could work in any of those positions. (Id., p. ROI_00103 [PageID #142])  Although Plaintiff was requested and reminded multiple times to provide this information from her doctor during the interactive process, she never did. (Id.) Accordingly, Plaintiff was told that the VA would consider positions which she could perform that were not in direct patient care, consistent with the functional limitations set by her doctor in his June 3, 2015 letter. (Id., p. ROI_00102 [PageID #141])

Per the VA policy, the reassignment process should be completed within ninety (90) days. (Id., p. ROI_00260 [PageID #166]) However, Plaintiff did not promptly respond to requests for information and informed the VA that she would not consider positions at other locations unless she could receive relocation pay, which VA Policy does not authorize.  (Id., pp. ROI_00103 & 105 [PageID ##142 & 144]) VA policy states that reassignments are to be made to "funded vacancies"

4

and additional travel expenses are not provided unless set forth in the vacancy announcement or are normally paid with respect to the position identified. (Id., Ex. 2, p. ROI_00260-61 [PageID ##166-67]) Since the File Clerk/Scanning Specialist position was the only position in Nashville that was identified during the reasonable accommodation process which met her doctor's restrictions and for which Plaintiff was qualified, the VA offered it to her as a reassignment. (D.E. 27: Declaration of Kawauna Hubanks ("Hubanks' Decl."), p. 3, ¶7 [PageID #364]) The position was a funded vacant position when it was offered to Plaintiff and a request had been initiated to recruit a replacement for that position about four months *before* Plaintiff submitted her request for accommodation. (Id., pp. 3-5, ¶¶8-12 [PageID ##364-66])

On September 18, 2015, Ms. Hubanks emailed Plaintiff an offer of reassignment ("OR") to the position of File Clerk/Scanning Specialist. (Id., p. 5, ¶13 [PageID #366] and D.E. 11-5: Dilkes' Decl., Ex. 5, pp. 2_1_17_BOX_00248–49 [PageID #196-97]) Plaintiff received the email and read it. (D.E. 11-5: Dilkes' Decl., Ex. 5, pp. 2_1_17_BOX_00320–21 [PageID ##198-99]) The offer of reassignment was made via VA Form 0857j which also provided notice to Plaintiff of VA Policy that if she did not accept the position, the VA "will not seek another position for [her], unless [she] can show that the position offered [File Clerk/Scanning Specialist] is incompatible with [her] functional limitations." (Id., p. 2_1_17_BOX_00249 [PageID #197]) The File Clerk Scanning position essential "duties [are] related to the receipt, scanning, indexing and destruction of health and administrative information for the Scanning Unit" and does not require "direct patient contact." (D.E. 27-6: Position Description File Clerk, p. ROI_00151 [PageID #383]) Therefore, it was compatible with her functional limitations. (D.E. 11-2: Dilkes' Decl., Ex. 2, pp. ROI_00129-130 [PageID ##154-55])

### E. Plaintiff's response to the VA's offer of reassignment.

On September 21, 2015, Plaintiff emailed Diana Dilkes, EEO Program Manager, VA TVHS, asserting that the OR "is not within the acceptable or reasonable limits of the ADA Law." (D.E. 11-6: Dilkes' Decl., Ex. 6, p. 02_01_2017_CD_00301 [PageID #204]) In that same email, Plaintiff also threatened action against the VA, stating that her attorney "will be happy to file the necessary request/paperwork if serious negotiations are not initiated immediately toward a Reasonable Accommodation that is within the means of the ADA Law." (Id.)

On September 22, 2015, Dilkes responded via email specifically reminding Plaintiff that she "ha[d] 45 calendar days from the date [she] became aware of the discriminatory action or the date it occurred to contact the Office of Resolution Management [ORM]" and also provided her with a VA ORM chart describing the EEO complaint process, the toll free TDD (telecommunications device for the deaf) number, and web address for initiating such contact. (Id., pp. 02_01_2017_CD_00300 & 303 [PageID ##203 & 206]) Plaintiff did not timely contact the ORM EEO Counselor to assert a claim arising from the VA's decision until more than 45 days later on November 20, 2015. (D.E. 11-2: Dilkes' Decl., Ex. 2, p. ROI_00012-14, 16, 24, 40-41 [PageID ##127-31 & 133-34])

On October 2, 2015, Plaintiff signed the OR, directly below the statement "[b]y signing I accept this offer of reassignment," adding that she is doing so "under protest." (Id., p. ROI_00161 and D.E. 11-8: Dilkes' Decl., Ex. 8 [PageID ##159 & 210]) Upon Plaintiff's acceptance of the OR, her reasonable accommodation request became complete. (Id.)

On October 4, 2015, Plaintiff's reassignment from the RN II position to the File Clerk position went into effect. (D.E. 11-2: Dilkes' Decl., Ex. 2, p. ROI_00132 [PageID #156]) Although Plaintiff had 45 days after her reassignment went into effect (or until November 18, 2015) to

contact an ORM EEO Counselor if she intended to pursue a claim based upon that incident, she did not do so until November 20, 2015. (Id., p. ROI_00012-14, 16, 24, 40-41 [PageID ##127-31 & 133-34])

F.   **Plaintiff initiates contact with VA ORM EEO Counselor.**

Despite the fact that Plaintiff had been reminded on September 22, 2015 that she was required to contact the ORM EEO Counselor within 45 days if she felt she had a discrimination claim (D.E. 11-7: Dilkes' Decl., Ex. 7, pp. 02_01_2017_CD_00300 & 303 [PageID ##203 & 206]), it was not until November 20, 2015 (47 calendar days after the reassignment went into effect on October 4, 2015) when Plaintiff initiated contact with an ORM EEO Counselor, asserting that:

> [she] has requested accommodations including, but not limited to, job reassignments to vacant positions for which she is qualified. All of the positions would have kept [her] at RN II, Step 12 level. Instead, she was demoted to the position of Scanning Specialist, GS-04. Since the demotion, [she] has made approximately five additional requests [for] reassignment back to her RN II, Step 12 position, or positions comparable. All requests have been denied or never answered. The most recent request was October 27, 2015.

(D.E. 11-2: Dilkes' Decl., Ex. 2, p. ROI_00016 [PageID #130]) On December 2, 2015, the EEO Counselor sent Plaintiff a letter setting forth the claim Plaintiff asserted, advising her of her rights and responsibilities, and asking Plaintiff to advise her within five days of receipt if the information in her claim was incorrect. (Id., p. ROI_00016 [PageID #130]) Before closing the informal counseling, the EEO Counselor again set forth for Plaintiff the claim listed above which "was the only claim addressed during the informal counseling" and told Plaintiff that "[i]f a formal Complaint of Discrimination is filed, a claim that has not been brought to the attention of an EEO counselor and is not like or related to a claim that has been brought to the attention of an EEO counselor is subject to dismissal in accordance to CFR 1614.107(2)." (Id., p. ROI_00014 [PageID #129])  On February 12, 2016, the EEO Counselor closed Plaintiff's informal counseling and

informed Plaintiff via email of her right to file a formal complaint of discrimination and reminded her of the claims she asserted, which did not include any allegations of harassment. (Id., p. ROI_00014 and 24 [PageID ##129 & 131]) Plaintiff read that email on February 18, 2016. (Id., p. ROI_00014 [PageID #129]) Also on February 12, 2016, the EEO Counselor once again provided Plaintiff written notice of her claim and the opportunity to notify her as to any corrections. (Id., p. ROI_00024 [PageID #131]) Plaintiff never did. (D.E. 11: Dilkes' Decl., ¶7 [PageID #108])

Plaintiff's informal counseling was closed after the EEO Counselor conducted a final interview with the Plaintiff informing her that the only claim she had asserted was "disability reprisal (EEO Activity – Reasonable Accommodation request)" – no claim of harassment or hostile workplace was asserted. (D.E. 11-2: Dilkes' Decl., Ex. 2, pp. ROI_00013-14 [PageID ##128-29])

### G.  Plaintiff files formal EEO Complaint, VA Form 4939, with ORM.

On February 26, 2016, Plaintiff filed her formal Complaint of Employment Discrimination, VA Form 4939., (Id., pp. ROI_00005-6 [PageID ##125-26]) Once again, Plaintiff reiterated the same claim she had asserted when she contacted the EEO Counselor, which did not include any claim  of harassment or hostile work environment. (Id., pp. ROI_00012-14, & 24 [PageID ##126-129, & 131])

On April 14, 2016, ORM issued Plaintiff and her attorney a "Notice of Partial Acceptance" of her formal complaint (VA Form 4939). (Id., pp. ROI_00040-44 [PageID ##133-37]) The Notice of Partial Acceptance cited a total of nine events that Plaintiff asserted as EEO claims and stated that pursuant to 29 C.F.R. § 1614.107(a)(2), the following four of those nine events "constitute untimely raised discrete acts that **are hereby DISMISSED** in accordance with 1614.107(a)(2), which states in part that the agency shall dismiss a claim that fails to comply with the regulatory time limits" (emphasis in the original):

8

(Event 3) on July 27, 2015, [Plaintiff] was temporarily detailed to the Patient Safety Program, Nashville campus;

(Event 5) on September 23, 2015, [Plaintiff's] detail was extended until October 1, 2015;

(Event 6) on October 2, 2015, [Plaintiff was denied [the] opportunity to remain as a nurse, or be reassigned to identified, comparable positions when she signed the [OR] under protest; and

(Event 7) on October 4, 2015, [Plaintiff] was reassigned from a Registered Nurse [RN] position to a Scanning Specialist position.

(Id., pp. ROI_00041 [PageID ##134]) Although there is no record of Plaintiff timely asserting a claim of harassment or hostile work environment with the EEO Counselor or in her formal complaint, ORM stated that it would accept for investigation a claim of hostile work environment based on the foregoing nine events, including the four events that it had dismissed as untimely discrete claims. (Id., p. ROI_00040 [PageID #133]) ORM also accepted for investigation a total of two of those nine events as "independently actionable claims":

(Event 8) on October 8 and 9, 2015, [Plaintiff] requested to be reassigned to a Nursing Coordinator position . . . as a reasonable accommodation; however, the request was not granted; and

(Event 9) on October 27, 2015, and four other occasions (dates not provided), [Plaintiff's] reasonable accommodation request to be reassigned to [an RN] II, Step 12 position, was denied or she never received a response.

(Id.) ORM never issued any decision on the merits or made any decision regarding timeliness with respect to any of the claims it accepted for investigation per its Notice of Partial Acceptance. (Id.)

**H. Plaintiff files civil action in federal court.**

On October 26, 2016, Plaintiff filed her civil action in this matter. (D.E. 1) On November 16, 2016, ORM issued Plaintiff a notice of her advisement of rights and provided her with a copy of its investigative file or report of investigation ("ROI"). (D.E. 11-1: Dilkes' Decl., Ex. 1 [PageID ##116-23]) On November 23, 2016 via email and fax, Plaintiff acknowledged receipt of that notice

9

and submitted her election for a Final Agency Decision ("FAD"). (D.E. 11-3: Dilkes' Decl., Ex. 3 [PageID ##172-75])

On December 14, 2016, a FAD was issued that dismissed Plaintiff's administrative complaint without addressing the merits, due to Plaintiff's initiation of a civil action in this matter pursuant to 29 C.F.R. § 1614.107(a)(3). (D.E. 11-4: Dilkes' Decl., Ex. 4 [PageID ##190-94]) The FAD noted that ORM "accepted and appropriately investigated all but four events raised in the complaint, and properly notified [Plaintiff] of its determination to dismiss those [four] events in accordance with the Commission's regulation governing partial dismissals at 29 C.F.R. § 1614.107(b)." (Id. [PageID #191])

**I.    Plaintiff's requests for reassignment since October 8, 2015.**

After October 4, 2015, when Plaintiff was reassigned to the File Clerk/Scanning Specialist job, she made requests to be reassigned to nursing positions comparable to the RN II position, which she had previously held before her reassignment went into effect. (D.E. 43: Am. Cmplt., ¶¶10-11 [PageID #487]) Those requests were not made pursuant to any accommodation request for her ***current job*** as a File Clerk/Scanning Specialist. (D.E. 11: Dilkes' Decl., pp. 5-6, ¶13 [PageID ##110-11]; D.E. 11-2: Dilkes' Decl., p. ROI_00112, ¶¶78-80 [PageID #151]; D.E. 12: Evans' Decl., p. 2, ¶5 [PageID #216]; and D.E. 27: Hubanks' Decl., p. 6, ¶15 [PageID #367]) Pursuant to VA Policy, Plaintiff's requests for reassignment could not be "considered." (D.E. 11-2: Dilkes' Decl., Ex. 2, p. ROI_00259 [PageID #165] (VA Handbook 5975.1, ¶15.a(10))) Per VA Policy, reassignment requests "will be considered ***only if*** there are no other accommodations available that will enable [her] to perform the essential functions of [her] ***current job***" and this condition has not applied since Plaintiff's reassignment went into effect on October 4, 2015. (Id.) Accordingly, consistent with VA Policy, the VA told Plaintiff that she would have to apply

10

competitively for those positions. (D.E. 11-2: Dilkes' Decl., Ex. 2, p. ROI_00108, ¶51 [PageID #147])

## II.    STANDARD OF REVIEW

### A.    Dismissal Pursuant to Fed. R. Civ. P. Rule 12(b)(6).

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), courts "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." DirecTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007); Inge v. Rock Fin. Corp., 281 F.3d 613, 619 (6th Cir. 2002). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that, although a complaint need not plead "detailed factual allegations," those allegations "must be enough to raise a right to relief above the speculative level." Id. at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing Twombly, 550 U.S. at 555-56).

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court further expounded on the "two working principles" that underlie the Twombly decision. Id. at 678. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[]" to state a claim under the federal rules. Id. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.  As set forth below, Plaintiff's Amended Complaint [D.E. 43] fails

11

to comply with the Twombly standard. However, even if it could be said that her Amended Complaint complies with that standard, Plaintiff failed to timely exhaust her administrative remedies and the inevitable consequence of her failure to do so is that her action must be dismissed.

## III.   LEGAL ARGUMENT

**A.  Plaintiff has failed to state a claim.**

Plaintiff's claims for failure to accommodate, retaliation, hostile work environment, and violation of due process, each fail to comply with the Twombly standard as she has set forth no facts to show an "*entitlement* to relief." Twombly, 550 U.S. at 555-56.  Nor can she do so as her claims for the discrete events prior to October 5, 2015 were not timely asserted and there is no assertion that after that date she was unable to perform the essential duties in the position she held, i.e. the File Clerk/Scanning Specialist position, or that she was subjected to harassment, or a violation of the Equal Pay Act, or any adverse employment action, or that the VA violated any of her due process rights.

**B.  Plaintiff failed to timely assert her claims and exhaust her administrative remedies.**

As a federal employee, Plaintiff is required to exhaust her administrative remedies as a precondition to asserting her claims of discrimination in federal court. Brown v. General Services Admin., 425 U.S. 820, 833 (1976); Benford v. Frank, 943 F.2d 609, 612 (6th Cir. 1991). The administrative rules federal employees are to follow are set forth at 29 C.F.R. § 1614.105.

Pursuant to § 1614.105(a)(1), before Plaintiff filed her Complaint, she was required to consult with an EEO Counselor in order to try to informally resolve her alleged discrimination claims and to initiate such contact within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action. Plaintiff failed to comply with this requirement with respect to all of the alleged events of

12

failure to accommodate, her alleged demotion and retaliation, and claims of harassment/hostile work environment. Moreover, Plaintiff made the decision not to comply with the rules and deadline for asserting a discrimination claim despite the fact that the VA repeatedly informed her as to the requirements she was to follow including the requirement to do so within 45 days and despite her own repeated assertions of disputes and claims regarding the VA's handling of her accommodation requests. Accordingly, each of the following claims must be dismissed:

**1. All claims asserted by Plaintiff concerning the October 2, 2015 OR which she accepted under protest and her October 4, 2015 demotion and reassignment to the File Clerk/Scanning Specialist position (D.E. 43: Am. Cmplt. ¶¶6-9, Counts One & Three [PageID ##486-89]) must be dismissed.**

As noted above (supra, Part I.G), on April 14, 2016, ORM notified both Plaintiff and her attorney representative that her claims regarding the OR which she accepted under protest on October 2, 2015 and her demotion and reassignment from RN II to the File Clerk/Scanning Specialist position resulting in loss in pay were dismissed as untimely discrete events pursuant to § 1614.107(a)(2). (Id., pp. ROI_00041 [PageID #134]) Pursuant to § 1614.107(a)(2), an agency is required to dismiss a claim: (1) that fails to comply with the time limits contained in § 1614.105, unless the agency extends the time limits in accordance with § 1614.604(c), or (2) that raises a matter that has not been brought to the attention of a Counselor and is not like or related to a matter that has been brought to the attention of a Counselor. Therefore, since Plaintiff raised those events with the ORM EEO Counselor (supra., Part I.F) and ORM found that she was untimely when she did so, the Agency was required by regulation to dismiss those events as untimely and did so (supra, Part I.G). Guethlein v. Potter, No. 1:09-cv-451-HJW, 2011 U.S. Dist. LEXIS 15815, *13 (S.D. Ohio Feb. 17, 2011) (if an employee fails to comply with the 45-day limitation period, the agency must dismiss the claim per 29 C.F.R. § 1614.107(a)(2)).

13

**2. All claims of harassment or hostile work environment (D.E. 43: Am. Cmplt. ¶¶5-21, Count One [PageID ##486-88]) must be dismissed.**

Plaintiff's claims of harassment or hostile work environment must be dismissed for two reasons: (1) Plaintiff failed to timely exhaust her harassment or hostile work environment claims; and (2) the allegations alleged are devoid of any facts meeting the definition of a hostile work environment.

As noted above (supra, Part II.F), when Plaintiff initiated her informal contact with the EEO Counselor she did not raise any claims of harassment or hostile work environment. Nor did she do so at any time during the informal counseling period with the EEO Counselor despite having been provided the opportunity to do so. (Id.) Because Plaintiff did not raise any claim of harassment or hostile work environment with the EEO Counselor during the informal counseling period, she failed to exhaust her administrative remedies. 29 C.F.R. § 1614.105(a)(1). Since ORM never made any finding that her harassment claims were timely or untimely and never issued a FAD on the merits, the untimeliness issue has not been waived merely because such events were investigated for harassment. Lord v. Holder, 568 Fed. App'x. 435, 439 (6th Cir. 2014) (untimeliness is not waived where the agency did not provide a final decision on the merits and did not give notice to the complainant that the agency intends to treat an untimely claim as timely).

Additionally, the record of Plaintiff's claims asserted during her informal counseling with the EEO Counselor and her formal complaint are devoid of any allegations that meet the definition of harassment or hostile work environment. (D.E. 11-2: Dilkes' Decl., Ex. 2, pp. ROI_00005-6, 13, 16, 24 [PageID ##125-26, 128, 130-31]) "A hostile work environment exists when 'the workplace is permeated with 'discriminatory intimidation, ridicule and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Id., quoting Harris v. Forklift Sys., Inc., 510 U.S.17, 21 (1993). Both Plaintiff's

14

informal counseling and her formal complaint were devoid of any such allegations. (Supra, Parts I.F-G)

Although ORM stated that it would investigate Plaintiff's assertions that the VA failed to provide her with a reasonable accommodation and demoted her as part of a harassment claim (Id., pp. ROI_00040-42 [PageID ##133-35]), such assertions fail to state harassment claim as a matter of law, especially when the basis for such assertion are discrete claims which the VA dismissed in its Notice of Partial Acceptance as untimely discrete acts" (supra, Part I.G) and Plaintiff has not alleged any facts within the 45-day period that meet the definition of harassment. Taylor v. Donahoe, No. 09-2527, 452 Fed. App'x. 614, 620 (6th Cir. 2011) (dismissing a discrimination claim under the Rehabilitation Act ("RA") where the plaintiff failed to allege any facts from which the court may infer that she was subjected to such severe or pervasive harassment, "at any time-much less during the 45-day period that proceeded her initial contact with the EEO Counselor") (D.E. 10-5). Therefore, Plaintiff's harassment claim must be dismissed due to her failure to timely exhaust her administrative remedies.

**3. All untimely claims alleging discrete events occurring on or before October 5, 2015 must be dismissed, including claims based upon the following events:**

(1)  any allegations of failure to accommodate in 2013;

(2)  failure to accommodate after Plaintiff allegedly contracted MRSA through to and including October 5, 2015 (id. at ¶¶5-9, & 12-26 [PageID ##486-89]);

(3)  discrimination and/or failure to accommodate based upon the VA's denial or act of ignoring her requests for reassignment after she was assigned to the File Clerk/Scanning Specialist position on October 4, 2015 (id. at ¶¶10-26 [PageID, ##487-89]); and

(4)  alleged acts of reprisal/retaliation by the VA against Plaintiff, occurring any time on or before October 5, 2015, including the allegation that the VA retaliated against her as a result of the MRSA that she contracted during the course of her employment and her requests for accommodation (id. at ¶¶5-31 [PageID, ##486-89]).

15

Each of the events (1) through (4) set forth above constitutes a discrete act of discrimination requiring Plaintiff to initiate contact with an EEO counselor within 45 days, which Plaintiff failed to do. <u>Horton v. Potter</u>, 369 F.3d 906, 910 (6th Cir. 2004) (claims under the RA for failure "to accommodate [plaintiff's] mental disability by refusing to promote him, transfer him, or provide him with adequate counseling, . . . are discrete discriminatory acts"). Although Plaintiff asserted claims for failure to accommodate and reprisal/retaliation for the alleged "demotion" and failure to consider her requests for reassignment when she contacted the EEO Counselor, she did not initiate her contact within 45 days as she was required to do pursuant to §1614.105(a)(1). She failed to do so when she both knew and had been reminded of this requirement. Accordingly, each of the four events set forth above in Plaintiff's Complaint must be dismissed due to Plaintiff's failure to exhaust her administrative remedies.

Additionally, to the extent that Plaintiff contends that the OR was discriminatory, the 45 day period for her to contact an EEO Counselor started running on September 18, 2015 when she received notice of it and that if she did not accept it, the VA "will not seek another position for [her], unless she can show that the position offered is incompatible with [her] functional limitation." <u>Erbel v. Johanns</u>, No. 3:04-CV-555, 2007 U.S. Dist. LEXIS 33900, *24 (E.D. Tenn. May 8, 2007) (the limitation period to assert plaintiff's claim of discrimination based upon a failure to accommodate her disability started to run when she was put on notice of the denial) (citations omitted) (D.E. 10-1).

Plaintiff's assertions that she made a request for reassignment "[o]n or about October 8, 2015" and "made at least four subsequent requests" thereafter (D.E. 43: Am. Cmplt., ¶¶10 & 11 [PageID #487]), do not cure her failure to timely exhaust the discrete claims with respect to her allegations that the VA failed to accommodate her disability prior to her reassignment that went

16

into effect on October 4, 2015 and the "demotion" she received associated with that reassignment. The Sixth Circuit has held that a plaintiff cannot defeat the limitations period for asserting a discrimination claim simply by reviving a claim that is time-barred. Harper v. BP Expl. & Oil, No. 96-5919. 1998 U.S. App. LEXIS 1324, at *13 (6th Cir. Jan. 27, 1998) ("It would defeat the policy behind a statute of limitations to allow a stale and isolated claim to be revived at any time in the future that a continuous pattern of violations developed") (D.E. 10-2). Therefore, Plaintiff's claims based upon her renewed requests for reassignment to a comparable vacant nursing position made after she accepted the OR (and after October 4, 2015 when it went into effect) and the VA's alleged denial or failure to consider those requests are time-barred.

Similarly, her claim for reinstatement based upon the "repeated refusal by [the VA] to [reassign her back to an RN position or a position at the RN II, Step 12 level] does not give rise to a new claim of discrimination." Id. (citation omitted) District courts within this Circuit have consistently applied this principle in the context of plaintiffs who attempt to state a claim based upon renewing requests for accommodation which their employer previously denied and which the plaintiff did not timely assert. Erbel, 2007 U.S. Dist. LEXIS 33900 at *21 ("the 45 day time period may not be restarted by simply renewing the request"), quoting Hall v. Scotts Co., No. 2:05-CV-732, 2005 U.S. Dist. LEXIS 38396, at *16 - 17 (S.D. Ohio) aff'd, 211 Fed. App'x. 361, 363 (6th Cir. 2006) ("Permitting [a plaintiff] to bootstrap an expired claim beyond the statute of limitations would ignore the policy behind the statute of limitations") (D.E. 10-3). See also Cockrill v. Metro. Gov't, No. 3-13-0587, 2015 U.S. Dist. LEXIS 3180, at *7 n.4 (M.D. Tenn. Jan. 9, 2015) ("A plaintiff is not permitted to renew an earlier request for an accommodation, once initially denied, in an attempt to restart the 300-day limitations period") citing Scotts Co., 211 F. Appx. at 363 (D.E. 10-4); Taylor v. Autoalliance Int'l, Inc., 2009 U.S. Dist. LEXIS 75075, at *14 (E.D.

17

Mich. Aug. 24, 2009), quoting Scotts Co., 211 Fed. Appx. at 363 (rejecting plaintiff's ADA claim on the basis that the employer's denial of his second request for accommodation "amounted to nothing more than a reiteration of its earlier denial"); Butler v. Potter, 345 F. Supp. 2d 844, 851 (E.D. Tenn. 2004) (denial of requests for accommodation are discrete acts, reasserting such requests "does not revive otherwise untimely claims," and a federal agency does not waive an untimely request merely by receiving and investigating it).

Plaintiff's assertion that the VA failed to engage in the interactive process to search for possible reassignment positions after she accepted the OR on October 2, 2015 (D.E. 43: Am. Cmplt., ¶11 [PageID #487]) also fails. Plaintiff had notice of the VA policy on such matters on June 19, 2015 when she signed the 0857h and when she accepted the OR. (D.E. 11-2: Dilkes' Decl., Ex. 2, p. ROI_00159 [PageID #158]) Yet, she did not timely contest the OR after she accepted it or when it went into effect on October 4, 2015. Therefore, her "repeated requests for reassignment to comparable, vacant positions [at the RN II, Step 12 level]" (D.E. 43: Am. Cmplt., ¶20 [PageID #488]) are time-barred even if such requests were made within 45 days before or after she initiated contact with the EEO Counselor on November 20, 2015.

**C. Plaintiff's claims under state law should be dismissed because the Rehabilitation Act provides the exclusive preemptive remedy for her allegations of disability discrimination.**

Plaintiff incorrectly relies on "state law" and the Tennessee Disability Act, Tennessee Code Annotated Sections 8-50-103 to 104 ("TDA") as a jurisdictional basis to bring suit against the federal government and as the basis of her claim under Count One. (D.E. 43: Am. Cmplt., ¶3 and Count One [PageID #484 & 498]) Plaintiff is a VA employee and her claims arise out of that employment. (Id., ¶¶1 & 2 [sic] [PageID #485]) The Sixth Circuit has explicitly held that the Rehabilitation Act of 1973 (29 U.S.C. § 791, et seq. ("RA")) constitutes "the exclusive remedy for a federal employee alleging disability-based discrimination." Jones v. Potter, 488 F.3d 397, 403

18

(6th Cir. 2007) citing § 12111(5)(B)(i)). Therefore, all of Plaintiff's state law claims must be dismissed.

### D. Plaintiff fails to state a claim under the Equal Pay Act, 29 U.S.C. § 206(d).

Plaintiff's Amended Complaint sets forth no facts supporting a claim of discrimination between herself and another employee –

> *on the basis of sex* by paying wages to [her] . . . at a rate less than the rate at which [it] pays wages to employees of the *opposite sex* . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex . . . .

See Equal Pay Act ("EPA"), 29 U.S.C. § 206(d)(1) ("Prohibition of sex discrimination") (emphasis added). "The [EPA] was directed *only at wage discrimination between the sexes* and forbids the specific practice of paying unequal wages for equal work to employees of *the opposite sex*." Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1526 (11th Cir. 1992) (emphasis added). Since Plaintiff's Amended Complaint sets forth no facts to "show an *entitlement* to relief" under the EPA, all allegations of jurisdiction on such basis (D.E. 43: Am. Cmplt., ¶2 [PageID #484]) and claims for such relief (id., [PageID #488]) must be dismissed. League of United Latin Am. Citizens v. Bredesen, 500 F.3d at 527.

### E. Plaintiff's due process violation claims under 42 U.S.C. §1981a fail to state a claim for which relief can be granted.

Plaintiff avers that the VA violated her "due process rights under 42 U.S.C. §1981a" because when she requested an accommodation because of her disability, she received a demotion or reassignment from her Title 38 nursing position to a Title 5, scanning position. (D.E. 43: Am. Cmplt., Count Four [PageID ##498-90]) However, her claim fails on three grounds. First, §1981a addresses "[d]amages in cases of intentional discrimination in employment," and does not set forth

19

or confer due process rights. Secondly, Plaintiff was not denied due process and had the opportunity to timely exhaust her claim, but chose not to do so. Third, even if her claim based on the October 4, 2015 reassignment/demotion had been timely asserted, the alleged facts fail to set forth a due process violation.

The Sixth Circuit has specifically held that an employer may offer an accommodation which results in a reassignment to a lower grade and lower pay when the employee cannot be accommodated in her current position and a comparable position is not available, as was the case here on September 18, 2015 when the VA presented Plaintiff with the OR and on October 2, 2015 when Plaintiff accepted it. (D.E. 11-2: Dilkes' Decl., Ex. 2, p. ROI_00161 and D.E. 11-8: Dilkes' Decl., Ex. 8 [PageID ##159 & 210])  Cassidy v. Detroit Edison Co., 138 F.3d 629, 634 (6th Cir. 1998) (under the ADA, "[a]n employer may reassign an employee to a lower grade and paid position if the employee cannot be accommodated in the current position and a comparable position is not available") (citation omitted). See also 29 C.F.R. Pt. 1630, App. §1630.2(o) ("An employer may reassign an individual to a lower graded position if there are no accommodations that would enable the employee to remain in the current position and there are no vacant equivalent positions for which the individual is qualified with or without reasonable accommodation."). Moreover, reassignment as an accommodation for a disability "will not require creating a new job, moving another employee, promoting the disabled employee, or violating another employee's rights under a collective bargaining agreement." Cassidy v. Detroit Edison Co., 138 F.3d at 634. Accordingly, Plaintiff's due process violation claim under 42 U.S.C. §1981a must be dismissed for failure to state a claim.

20

**F.     Plaintiff's claim for punitive damages under 42 U.S.C. §1981a fails to state a claim for which relief can be granted.**

Since Defendant is a governmental agency of the United States, Plaintiff is not entitled to punitive damages on her claims. 42 U.S.C. § 1981a(b)(1). Accordingly, this claim must be dismissed for failure to state a claim.

**G.     Plaintiff's requests for reassignment made on or after October 4, 2015 fail to state a claim for which relief can be granted and do not constitute a request for disability accommodation.**

Plaintiff alleges that "[o]n or about October 8, 2015, [she] requested to be reassigned to a comparable, vacant position of Nursing Coordinator for Performance Measurements" and "made at least four subsequent requests for reassignment" (D.E. 43: Am. Cmplt., ¶¶10 & 11 [PageID #487]). However, Plaintiff makes no assertion that she requested, or even needs, an accommodation in order to do the essential duties of the job she currently holds and has held since October 4, 2015, i.e. the File Clerk/Scanning Specialist position. (Id.) Aside from the fact that Plaintiff has not exhausted her administrative remedies with respect to such a claim by contacting an EEO Counselor, the VA has not received any request from her for such accommodation. (D.E. 11: Dilkes' Decl., p. 5, ¶13; D.E. 12: Evans' Decl., p. 2, ¶5, D.E. 27: Hubanks' Decl., p. 6, ¶15 [PageID #367]) Even if it were to be assumed that Plaintiff needed an accommodation to perform her current position and that she had made a request for such an accommodation, per VA policy, a reassignment would be offered "*only if* there is no other accommodation that will enable [her] to perform the essential functions of . . . her *current job*" (emphasis added) as a File Clerk/Scanning Specialist. (D.E. 11-2: Dilkes' Decl., Ex. 2, pp. ROI_00259-60 [PageID ##165-66])

A request for accommodation is not the same as a request for reassignment where the employee does not need an accommodation for their current job. (D.E. 11-2: Dilkes' Decl., Ex. 2, p. ROI_00108 [PageID #147]) Plaintiff was told several times that if she wanted a reassignment

21

to nursing, she would need to apply for it competitively. (Id.) Accordingly, Plaintiff's requests for reassignment made after October 4, 2015 (D.E. 43: Am. Cmplt., ¶¶10-11 [PageID #487]) fail to state a claim under the RA as a request for disability accommodation and must be dismissed.

Furthermore, with respect to such claims of failure to offer her a reassignment after October 4, 2015, Plaintiff sets forth no facts and makes no allegation that she requested or was denied an accommodation due to her disability in order to perform the essential duties of her ***current job*** at the time she requested such reassignment, *i.e.* the File Clerk/Scanning Specialist position. (Id.) In order to state a claim for failure to accommodate a disability, Plaintiff must show that she "could perform the essential functions of ***the job at issue***" (emphasis added) and that the VA "has refused to make such accommodations." McBride v. BIC Consumer Prods. Mfg. Co., 583 F.3d 92, 97 (2d Cir. 2009) (citations omitted). "An underlying assumption of any reasonable accommodation claim is that the plaintiff-employee has requested an accommodation which the defendant-employer has denied." Erbel, 2007 U.S. Dist. LEXIS 33900, at *21, citing Edwards v. United States EPA, 456 F. Supp.2d 72, 102 (D.D.C. 2006). Yet Plaintiff has failed to establish those essential elements of her claim. Id. Moreover, "[a]n employer is 'not obligated to provide accommodation until plaintiff ha[s] provided a proper diagnosis . . . and requested specific accommodation.'" Id., at *22, citing Kaltenberger v. Ohio College of Podiatric Medicine, 162 F.3d 432, 437 (6th Cir. 1998). When a federal agency has established a fixed set of procedures whereby an employee is required to submit a request for accommodation, as the VA has done here, and the employee has not complied with such procedures, her "failure to file a proper request dooms her claim for failure to accommodate." Id., citing Edwards, 456 F. Supp.2d at 103.

**H. Plaintiff's claims that she was subjected to retaliation, discrimination and a hostile work environment fail to state a claim for which relief can be granted.**

To establish a prima facie case of disability-based discrimination under the RA, Plaintiff must establish that: (1) she is an individual with a disability; (2) she is otherwise qualified to perform the job requirements, with or without reasonable accommodation; and (3) she suffered an adverse employment action "solely by reason of [her] handicap." Jones v. Potter, 488 F.3d at 403. Plaintiff set forth no facts to support her allegation that she suffered an adverse employment action at any time after October 5, 2015. (Id.) Nor does she set forth any facts to support her allegation that she was subjected to harassment at any time after that date.

Plaintiff's claim of retaliation also fails. A prima facie case of retaliation requires her to set forth facts that: (1) she engaged in activity protected by the RA, (2) the VA was aware of that activity, (3) she suffered an adverse employment action, and (4) a "causal connection" existed between the protected activity and the adverse action. Williams v. AT&T Mobility Servs. LLC, 847 F.3d 384, 396 (6th Cir. 2017). Once Plaintiff establishes these elements, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. (Id.) In this case, Plaintiff alleges the VA reassigned her as a result of her request for accommodation. (D.E. 43: Am. Cmplt., ¶30 [PageID #489]) However, the reassignment occurred more than 45 days before Plaintiff made initial contact with the EEO Counselor and Plaintiff sets forth no action of retaliation occurring within the 45 days preceding or following that November 20, 2015 contact.

Even assuming Plaintiff's retaliation claim had been timely, the VA has presented a legitimate and non-discriminatory reason for that action: because she could no longer perform the essential duties of her job as an RN II and it could not find any other position that met her doctor's restrictions. Therefore, to prevail on her retaliation claim, Plaintiff must demonstrate "***both*** that the

23

[VA's] preferred reason was not the real reason for its action, **and** that the [VA's] real reason was unlawful." Williams v. AT&T Mobility Servs. LLC, 347 at 396. Moreover, since Plaintiff's harassment and retaliation claims are duplicative of, and merely reclothe her failure to accommodate claim, those claims should also be dismissed on that basis. Lucas v. W. W. Grainger, Inc., 257 F.3d 1249, 1261 (11th Cir. 2001) (plaintiff's allegation that it took adverse action by refusing to reasonably accommodate him describes acts that relate to his failure to accommodate and therefore, the retaliation claim on such basis was appropriately dismissed).

Therefore, her claims of retaliation, harassment or hostile work environment or any other claims must be dismissed. (D.E. 43: Am. Cmplt., ¶¶5-31 PageID ##486-89)

WHEREFORE, Defendant requests that the Court grant his motion and dismiss with prejudice Plaintiff's Complaint in its entirety.

However, upon this Court's ruling should there be any claims remaining, Defendant requests that he be allowed thirty (30) days from the date of the Order to file an answer or other responsive pleading.

Respectfully submitted,

DONALD Q. COCHRAN
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF TENNESSEE

BY:  s/ Mercedes C. Maynor-Faulcon
MERCEDES C. MAYNOR-FAULCON
Assistant United States Attorney
110 9th Avenue South, Suite A-961
Nashville, TN 37203-3870
Telephone: 615.736.5151
B.P.R. # 013330

Of Counsel:

Kathleen Pohlid (B.P.R. #022401)
Office of General Counsel
U.S. Department of Veterans Affairs
3322 West End Avenue, Suite 509
Nashville, TN 37203

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically and a copy was

served via the Court's electronic filing system on this 16th day of October 2017, upon:

    Melissa A. Morris, Esquire
    Nashville Vanguard Law, PLLC
    404 James Robertson Pkwy, Suite 1619
    Parkway Towers Building
    Nashville, TN 37219

                        s/ Mercedes C. Maynor-Faulcon
                        MERCEDES C. MAYNOR-FAULCON
                        Assistant United States Attorney