UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| BARBARA BOYTE, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 3:16-cv-02799 <br> Judge Aleta A. Trauger |
| DAVID J. SHULKIN, M.D., SECRETARY, <br> DEPARTMENT OF VETERAN AFFAIRS, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM

Pending before the court is a Motion to Dismiss or, in the Alternative, for Summary Judgment, (Docket No. 46) filed by the defendant, David J. Shulkin, M.D., Secretary, Department of Veteran Affairs ("DVA"), to which the plaintiff, Barbara Boyte, has filed a Response in opposition (Docket No. 51), and DVA has filed a Reply (Docket No. 52). For the reasons discussed herein, the motion will be granted in part and denied in part.

## BACKGROUND[1]

Boyte was employed at a DVA medical center in Nashville as an RN II, Step 12 level nurse. She suffers from a hearing impairment that increases her susceptibility to MRSA. In 2015, Boyte requested accommodations due to her disability. She provided medical documentation delineating her limitations: specifically, she needed a position that did not require direct contact with patients. Because Boyte was no longer able to perform the essential functions of her job, DVA offered to seek a suitable position for her. The parties engaged in the interactive process, with DVA requesting that Boyte attain medical assurance from her doctor that certain

---

[1] The facts are taken in the light most favorable to Boyte.

positions would comport with her limitations. When Boyte did not provide such assurance, DVA notified her that it would consider her for positions consistent with her original medical documentation. Boyte thereafter informed DVA that she would not consider positions at locations besides the Nashville medical center, where she was employed, unless she received travel relocation expenses. Because DVA does not authorize such expenses as a matter of course, it limited its search to medically suitable positions at its Nashville medical center.

On September 18, 2015, DVA emailed Boyte an offer of reassignment to a GS4 Step 10 position, file clerk/scanning specialist. Boyte responded on September 21, 2015, stating that the offer of reassignment was unacceptable and threatening legal action if DVA did not provide a more favorable offer. DVA responded the following day, reminding Plaintiff that she "ha[d] 45 calendar days from the date [she] became aware of the discriminatory action or the date it occurred to contact an Equal Employment Opportunity ("EEO") counselor with the Office of Resolution Management ("ORM")." DVA included with its response an ORM chart describing the EEO complaint process, a toll free telecommunications-device-for-the-deaf phone number, and a web address for initiating ORM contact.

On October 2, 2015, Boyte accepted the offer of reassignment, writing on the acceptance form that she was accepting under protest. The reassignment became effective October 4, 2015. On October 8, 2015, Boyte requested to be reassigned to Nursing Coordinator for Performance Measurements, a position comparable in level to her previous role. DVA informed Boyte that she would have to apply for the position competitively, as she was not eligible for another medical accommodation. On November 20, 2015, 47 days after her reassignment became effective, Boyte initiated contact with an EEO counselor.

On February 26, 2016, Boyte filed a formal Complaint of Employment Discrimination. ORM granted a Notice of Partial Acceptance on April 14, 2016. ORM found that independent claims based on the following events were time-barred under agency regulations:

> (Event 3) on July 27, 2015, [Plaintiff] was temporarily detailed to the Patient Safety Program, Nashville campus;
>
> (Event 5) on September 23, 2015, [Plaintiff's] detail was extended until October 1, 2015;
>
> (Event 6) on October 2, 2015, [Plaintiff] was denied [the] opportunity to remain as a nurse, or be reassigned to identified, comparable positions when she signed the [OR] under protest; and
>
> (Event 7) on October 4, 2015, [Plaintiff] was reassigned from a Registered Nurse [RN] position to a Scanning Specialist position.

On October 26, 2016, Boyte brought suit in this court, alleging failure to accommodate, retaliation, and hostile work environment under the Rehabilitation Act, 29 U.S.C. § 791 ("RHA"),[2] disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12112 ("ADA"), retaliation under Title VII, 42 U.S.C. § 2000e, violation of her due process rights under 42 U.S.C. § 1981, and "[v]iolations of the Equal Pay Act, 42 U.S.C. 2000-a, 42. U.S.C. 2000e-5 as amended." (Docket No. 43.)

## LEGAL STANDARD

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The

---

[2] Boyte also brought parallel claims under Tennessee state law. However, the Sixth Circuit has held that 29 U.S.C. § 791 provides "the exclusive remedy for a federal employee alleging disability-based discrimination." *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007). Boyte's state law claims will therefore not be considered.

3

Federal Rules of Civil Procedure require only that a plaintiff provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *Twombly*, 550 U.S. at 556. According to the Supreme Court, "plausibility" occupies that wide space between "possibility" and "probability." *Iqbal*, 556 U.S. at 678. If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied.

## **ANALYSIS**

DVA contends that Boyte's claims related to her October 4, 2015 reassignment and all events prior to her reassignment are time-barred. For federal employees, 29 C.F.R. § 1614.105(a)(1) provides that parties who believe that they have been discriminated against must "initiate contact with [an EEO counselor] within forty-five (45) days of the matter alleged to be discriminatory, or in the case of personnel action, within 45 days of the effective date of the

[discriminatory action]." A plaintiff who fails to contact an EEO counselor within forty-five days is barred from pursuing a remedy for the discriminatory action in federal court. *See* 29 C.F.R. § 1614.107(a)(2) (2009); *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976). "Failure to timely seek EEO counseling is grounds for dismissal of the discrimination claims." *Hunter v. Sec'y of the U.S. Army*, 565 F.3d 986, 993 (6th Cir. 2009); *see also Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003); *McFarland v. Henderson*, 307 F.3d 402 (6th Cir. 2002). ORM specifically found that Boyte was time-barred from raising independent claims for discrete acts occurring on or before October 4, 2015.

But 29 C.F.R. § 1614.105(a)(2) provides an exception to the time bar: "The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them." Boyte claims that she was not notified of the time limit. Even taking as true DVA's claim that it responded to Boyte's September 21, 2015 email with explicit reminders about the 45-day complaint period, Boyte creates a disputed issue of material fact that is not suitable for disposition on a motion to dismiss. Boyte's claims will therefore not be dismissed as time-barred and will be considered in turn.

The court turns first to claims brought under the ADA and RHA, which will be analyzed together. *See Thompson v. Williamson Cty., Tenn.*, 219 F.3d 555, 557, n.3 (6th Cir. 2000). "By statute, the Americans with Disabilities Act standards apply in Rehabilitation Act cases alleging employment discrimination." *Mahon v. Crowell*, 295 F.3d 585, 589 (6th Cir. 2002) (citation omitted).

1. *Failure to Accommodate*

The ADA prohibits an employer from "discriminat[ing] against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). "Discrimination" under the ADA includes an employer's failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or an employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of [the employer]." *Id*. at § 12112(b)(5)(A); *accord Kleiber v. Honda of Am. Mfg., Inc*., 485 F.3d 862, 868 (6th Cir. 2007). A plaintiff asserting a claim of failure to accommodate under the ADA must show that she (1) has a disability, (2) was qualified for her job, and (3) requested a reasonable accommodation and was denied, or was subject to an adverse employment decision that was made solely because of her disability. *Dumas v. Hurley Med. Ctr.*, 837 F. Supp. 2d 655, 665–66 (E.D. Mich. 2011); *Jackson v. O'Reilly Auto. Stores, Inc*., No. 3:12-cv-1215, 2014 WL 993269, at *6, 8 (M.D. Tenn. Mar. 12, 2014).

Boyte clearly states a claim for failure to accommodate. The parties do not dispute that she had a disability and was qualified for her job. Whether Boyte was denied a reasonable accommodation or subject to an adverse employment decision because of her disability depends on disputed issues of material fact, such as whether there were other positions available at her pay grade for which she was qualified but was not given. DVA claims that the File Clerk/Scanning Specialist job was the only position in the Nashville medical center for which Boyte was qualified that met her medical restrictions. But Boyte provided DVA a list of five positions at her previous pay level for which she was qualified. Boyte's failure to accommodate claim will therefore not be dismissed at this time.

2. *Failure to Engage in Interactive Process*

Boyte also alleges that DVA failed to adequately engage in the interactive process with regard to her accommodation request. To determine the appropriate modification or adjustment necessary to accommodate an employee, the ADA's regulations indicate that "it may be necessary for the [employer] to initiate an informal, interactive process with the qualified individual with a disability in need of accommodation. This process should identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." 29 C.F.R. § 1630.2(o)(3). While not set forth in the text of the ADA, the Sixth Circuit has held that "the interactive process is mandatory, and both parties have a duty to participate in good faith." *Nance v. Goodyear Tire & Rubber Co.*, 527 F.3d 539, 556 (6th Cir. 2008). Accordingly, "[w]hen a party obstructs the process or otherwise fails to participate in good faith, 'courts should attempt to isolate the cause of the breakdown and then assign responsibility.'" *Kleiber*, 485 F.3d at 871 (6th Cir. 2007) (quoting *Bultemeyer v. Fort Wayne Cmty. Schs.*, 100 F.3d 1281, 1285 (7th Cir. 1996)). Failure to engage in the interactive process is an independent ADA violation if the plaintiff establishes a prima facie showing that she proposed a reasonable accommodation, *see Rorrer v. City of Stow*, 743 F.3d 1025, 1041 (6th Cir. 2014) (citing *Keith v. Cnty. of Oakland*, 703 F.3d 918, 929 (6th Cir. 2013)), or if a reasonable accommodation would have been possible, *see Lafata v. Church of Christ Home for Aged*, 325 Fed. App'x. 416, 422 (6th Cir. 2009) (citing *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1114 (9th Cir. 2000) (en banc), judgment vacated on other grounds, 535 U.S. 391 (2002)).

Boyte provided DVA with a list of five positions for which she was qualified, to which DVA was non-responsive. Instead, the only positions DVA sent to her as potential accommodations during the interactive process were direct patient care positions, which she was unable to accept due to her disability. There is a genuine dispute of fact as to whether DVA

7

participated in good faith in an individualized inquiry to find a suitable accommodation for Boyte. *See Rorrer*, 743 F.3d at 1045 (6th Cir. 2014). Boyte's interactive process claim will thus not be dismissed at this time.

3. *Retaliation*

Under the ADA's retaliation provision, it is unlawful to "discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." 42 U.S.C. § 12203(a). To establish a *prima facie* case of retaliation, Boyte must show that (1) she engaged in activity protected by the ADA; (2) DVA knew of this exercise of Boyte's protected rights; (3) DVA subsequently took an employment action adverse to Boyte or subjected Boyte to severe or pervasive retaliatory harassment; and (4) there was a causal connection between the protected activity and the adverse employment action. *Hurtt v. Int'l Servs., Inc.*, 627 Fed. App'x. 414, 422, No. 14–1824, 2015 WL 5332531, at *7 (6th Cir. Sept. 14, 2015) (citing *Steward v. New Chrysler*, 415 Fed. App'x. 632, 643–44 (6th Cir. 2011)). The required causal connection is a "but for" relationship. *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312, 318 (6th Cir. 2012). "If the plaintiff establishes a *prima facie* case of retaliation, the burden shifts to the defendant to establish a legitimate, nondiscriminatory reason for the adverse employment action." *Penny v. United Parcel Serv.*, 128 F.3d 408, 417 (6th Cir. 1997). The plaintiff then bears the burden of proving that the defendant's "proffered reason for the action was merely a pretext for discrimination." *Id*. (citation omitted).

Boyte has established a *prima facie* case of retaliation: she requested an accommodation and was subsequently demoted. *See Hurtt v. Int'l Servs., Inc.*, 627 Fed. App'x 414, 422 (6th Cir.

8

2015) ("We have held that requests for accommodation are protected acts.") DVA provides a legitimate, non-discriminatory reason for the demotion: Boyte would not accept a position outside of the Nashville office and, thus, was given the only available position in that office for which she was qualified. Boyte's proof of pretext is that there were other positions available that would not have constituted a demotion but which she was not offered. Boyte has thus created a material issue of disputed fact as to whether her reassignment was pretextual, and her retaliation claim will not be dismissed at this time.

4. *Hostile Work Environment*

For a hostile work environment claim, a plaintiff must plead conduct that was sufficiently severe or pervasive to create an environment that a reasonable person would find hostile or abusive and that the plaintiff regarded it as such. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). The "mere utterance of an . . . epithet which engenders offensive feelings in an employee" does not sufficiently affect the conditions of employment to implicate anti-discrimination laws such as Title VII and the ADA. *Id.*; *Coulson v. Goodyear Tire & Rubber Co.*, 31 Fed. App'x. 851, 858 (6th Cir. 2002) (applying the Harris standard to a hostile work environment claim under the ADA and noting that "name-calling, alone" does not demonstrate an abusive environment). Rather, anti-discrimination laws come into play when there is a "discriminatorily abusive work environment" that can detract from an employee's job performance or keep her from advancing in her career. *Harris*, 510 U.S. at 21 (citations omitted). The Supreme Court has held that "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal citation omitted).

"In order to establish a hostile work environment claim, an employee must show the following: 1) the employee is a member of a protected class, 2) the employee was subject to unwelcomed sexual harassment, 3) the harassment was based on the employee's sex, 4) the harassment created a hostile work environment, and 5) the employer failed to take reasonable care to prevent and correct any sexually harassing behavior." *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 462–63 (6th Cir. 2000).

When the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated. Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview. Likewise, if the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment, and there is no Title VII violation.

Boyte does not plead facts that satisfy a hostile work environment claim. Instead, she recasts the conduct pled in her other ADA/RHA claims as additionally constituting a hostile work environment. She has not alleged any facts indicating discriminatory intimidation, ridicule, or insult. Instead, she re-alleges that she requested an accommodation, was not given a fair interactive process, was demoted, and was then ignored when she requested reassignment. The Sixth Circuit has not treated such conduct, standing alone, as sufficient to sustain a hostile work environment claim. *See Blundell-Zuker v. Oakland Cty. Prob. Court*, 9 Fed. App'x 318, 319 (6th Cir. 2001) ("In her complaint, Blundell-Zuker referred to the two April meetings when she was told that she could not be accommodated and then offered the transfer to Pontiac as the basis for this claim. The district court properly concluded that this was insufficient to establish the kind of

severe and pervasive mistreatment necessary to state a hostile environment claim."); *see also Wheeler v. Jackson Nat'l Life Ins. Co*., 159 F. Supp. 3d 828, 859 (M.D. Tenn. 2016), aff'd, 666 Fed. App'x 453 (6th Cir. 2016) (holding that failure to accommodate, failure to engage in interactive process, and retaliation merely restated plaintiff's other ADA claims and did not fall within ambit of workplace harassment). The conduct for which Boyte seeks remedy is addressed by her other ADA/RHA claims. Her hostile work environment claim will therefore be dismissed.

5. *Remaining Claims and Arguments*

Boyte argues that, under the Lily Ledbetter Fair Pay Act ("Fair Pay Act"), each paycheck from DVA for her work as a file clerk/scanning specialist restarts the 45-day contact window under 29 C.F.R. § 1614.105(a)(1). The court disagrees. Boyte cites no precedent supporting her interpretation applying the Fair Pay Act to claims arising out of disability-related demotions, and courts that have considered this argument have explicitly rejected it. *See Davis v. Bombardier Transp. Holdings (USA) Inc*., 794 F.3d 266, 269 (2d Cir. 2015) ("We conclude that the Ledbetter Act does not encompass a claim of a discriminatory demotion decision that results in lower wages where, as here, the plaintiff has not offered any proof that the compensation itself was set in a discriminatory manner. A plaintiff must plead and prove the elements of a pay-discrimination claim to benefit from the Ledbetter Act's accrual provisions."). Thus, if discovery shows that Boyte was notified of the 45-day limit, she cannot rely on the Fair Pay Act to save claims that will otherwise be time-barred.

In Count Two of her Amended Complaint, Boyte apparently brings claims under three separate provisions of United States Code: the Equal Pay Act, codified at 29 U.S.C. § 206(d), 42 U.S.C. § 2000a, which prohibits discrimination in places of public accommodation, and the Civil

Rights Act as codified at 42 U.S.C. § 2000e-5, which lists enforcement provisions available to a court upon a finding that an employer has intentionally engaged in an unlawful employment practice. The Equal Pay Act deals with sex discrimination, and Boyte pleads no facts suggesting that she was discriminated against on the basis of sex. 42 U.S.C. § 2000a prohibits public accommodations from discriminating on the basis of race, color, religion, or national origin. Boyte pleads no facts suggesting that she was discriminated against on the basis of her race, color, religion, or national origin. 42 U.S.C. § 2000e-5 lists enforcement provisions. It cannot sustain a disability-based cause of action. "A disability claimant may not use the 'powers, remedies, and procedures' of Title VII without establishing a violation of the ADA." *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312, 319 (6th Cir. 2012). Boyte brings an ADA claim in Count One, and enforcement powers, remedies, and procedures of § 2000e-5 are incorporated by the ADA under § 12117. The court will thus dismiss the claim brought in Count Two.

In Count Three of her Amended Complaint, Boyte alleges retaliation under 42 U.S.C. § 2000e-16. But that section does not apply to disability claims: it states that "[a]ll personnel actions affecting employees . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). Boyte appears to misinterpret 29 U.S.C. § 794a-(a)(1) (stating that the same "remedies, procedures, and rights set forth" in 42 U.S.C. § 2000e-16 apply to claims under the Rehabilitation Act) as creating a separate cause of action for disability discrimination under Title VII. It does not. The court will thus dismiss the claim brought in Count Three.

Finally, Boyte's remaining claim—Count Four, alleging a violation of due process rights under 42 U.S.C. § 1981—is similarly without merit. Section 1981 does not cover disability claims. *See Williamson v. Hartmann Luggage Co.*, 34 F. Supp. 2d 1056, 1063 (M.D. Tenn.

12

1998) ("The Court finds that the plaintiff's Section 1981 claim fails as a matter of law. *See Barge v. Anheuser–Busch, Inc*., 87 F.3d 256, 258 (8th Cir.1996) ('Because gender and disability discrimination are not cognizable under § 1981, the district court granted Anheuser-Busch's motion to dismiss.')"). Boyte's § 1981 claim will also be dismissed.

## **CONCLUSION**

For the foregoing reasons, Shulkin's Motion to Dismiss will be granted in part by separate order.

ENTER this 14th day of February 2018.

                                            ALETA A. TRAUGER
                                            United States District Judge