UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BARBARA BOYTE,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT L. WILKIE,[1]<br><br>Defendant. | Case No. 3:16-cv-02799<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM AND ORDER

On March 21, 2018, the Court referred this action to the Magistrate Judge for customized case management in accordance with Local Rule 16.01. (Doc. No. 60.)

Before the Court is Defendant Robert L. Wilkie's motion to compel discovery (Doc. No. 61), to which Plaintiff Barbara Boyte has not responded. For the reasons offered below, that motion is GRANTED IN PART. Boyte is ORDERED to respond to Wilkie's first set of requests for production of documents and provide an executed verification for her responses to Wilkie's first set of interrogatories by October 18, 2018. She is also ORDERED TO SHOW CAUSE by October 18, 2018, (1) why she should not be required under Rule 37(a)(5)(A) to pay the attorney's fees Wilkie incurred in filing the motion to compel and (2) why this action should not be dismissed for her failure to prosecute or for failure to comply with the Court's case management order.

---

[1]    As the acting Secretary of the Department of Veterans Affairs, Wilkie is the proper party under Federal Rule of Civil Procedure 25(d). Fed. R. Civ. P. 25(d).

## I. Factual and Procedural History

On August 21, 2018, Defendant Robert L. Wilkie filed a motion to compel, in which he states that, "[d]espite the passage of approximately 89 days" since Boyte's responses to Wilkie's discovery requests were due, "as well as good faith efforts of repeated reminders," Boyte has failed to respond to Wilkie's First Set of Requests for Production of Documents. (Doc. No. 61, PageID# 646.) Wilkie also states that the interrogatory responses he did receive from Boyte were not verified. (*Id.*) Wilkie filed a certificate of good faith in support of his motion, stating that he "made a good faith attempt to confer [with Boyte] in an effort to obtain discovery responses" before moving to compel. (Doc. No. 63, PageID# 681.)

In the memorandum filed in support of his motion to compel, Wilkie provides the following timeline of his correspondence with Boyte regarding discovery:

- On March 29, 2018, Wilkie mailed to Boyte his first set of interrogatories and first set of requests for admissions.

- On April 20, 2018, Wilkie mailed to Boyte his first set of requests for production of documents.

- On April 23, 2018, Wilkie received a letter from Boyte requesting an extension until June 16, 2018, to respond to Wilkie's first interrogatories and first requests for admissions; the letter did not mention the first requests for production.

- On April 25, 2018, Wilkie sent Boyte a letter agreeing to the requested extension.

- On June 20, 2018, Wilkie received Boyte's unverified responses to his first set of interrogatories.

- On July 24, 2018, because Wilkie had not received Boyte's responses to his first requests for admissions, Wilkie sent Boyte a letter informing her that the statements therein were deemed admitted under the Federal Rules of Civil Procedure.

- On the same day, because Wilkie had not received Boyte's responses to Wilkie's first request for production, Wilkie sent Boyte a separate letter advising her that she had waived all objections that she might otherwise have to the requests and asking that she provide her responses by August 1, 2018.

- Also on that day, Wilkie sent Boyte a third letter informing her that her responses to Wilkie's first set of interrogatories were not verified as required by the Federal Rules of Civil Procedure and asking her to provide such verification by August 1, 2018.

- On August 14, 2018, because Wilkie had not received Boyte's responses to Wilkie's first requests for production or the requested verification, Wilkie sent Boyte a letter asking Boyte to produce those documents by August 17, 2018, and stated that, should she fail to do so, Wilkie would file a motion to compel.

- On August 17, 2018, Wilkie received a letter from Boyte which stated that Wilkie could expect to receive a verification page in the mail that day, but which did not mention her responses to the first requests for production.

- On August 20, 2018, Wilkie sent Boyte a letter advising her that, because his good faith efforts to obtain the requested discovery were unsuccessful, he would file a motion to compel.

(Doc. No. 62, PageID# 649–51.)

In his motion, Wilkie seeks an order compelling Boyte to respond to the requests for production and provide verification of her interrogatory responses. Wilkie also seeks attorney's

fees incurred in filing the present motion. Finally, Wilkie asks the Court to prevent Boyte from presenting any evidence in support of a motion or at trial "on the topics covered by the discovery not responded to." (*Id.*)

In a mediation report filed on August 24, 2018, Wilkie states that Boyte's unresponsiveness extends beyond discovery—she also ignored Wilkie's reminder that the Court's case management order (Doc. No. 42, PageID# 479) obligated the parties to submit a joint mediation report by August 25, 2018, which meant that Wilkie had to file the report independently (Doc. No. 64, PageID# 683). Boyte has not filed anything with the Court since the parties jointly moved for entry of a protective order on February 9, 2018. (Doc. No. 53.)

**II.     Legal Standard**

The scope of discovery is "within the sound discretion of the trial court." *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008). Generally, Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). Relevant evidence in this context is that which "has any tendency to make a fact more or less probable than it would be without the evidence" if "the fact is of consequence in determining the action." *Grae v. Corr. Corp. of Am.*, No. 3:16-CV-2267, ___ F.R.D. ___, 2018 WL 3632136, at *2 (M.D. Tenn. July 31, 2018) (quoting Federal Rule of Evidence 401).

A motion to compel discovery may be filed when a party fails to answer an interrogatory or produce requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). Rule 33 governs interrogatories and provides that each response to an interrogatory "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Further, "[t]he person who makes the answers must sign them, and the attorney who objects must

sign any objections." Fed. R. Civ. P. 33(b)(5). Rule 34 governs requests for production of documents, electronically stored information, and tangible things. Fed. R. Civ. P. 34. A party served with an interrogatory or request for production typically has thirty days to respond, although the parties may agree to extend that deadline. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). An incomplete disclosure, answer, or response is "treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

A motion to compel must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see also* M.D. Tenn. R. 37.01(a) (good faith attempt at resolution). When a motion to compel is granted, or if the disclosure or requested discovery is provided after the motion was filed, the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. § 37(a)(5)(A). However, the Court cannot order such payment if (1) the movant did not confer in good faith with the targeted party prior to filing the motion, (2) the targeted party's nondisclosure or failure to respond was substantially justified, or (3) awarding the payment would otherwise be unjust. Fed. R. Civ. P. 37(a)(5)(A)(i–iii). Under Local Rule 7.01, if a party does not file a response in opposition to a motion to compel within fourteen days of its service, that motion will be deemed unopposed. M.D. Tenn. R. 7.01(a)(3) (response).

Federal Rule of Civil Procedure 41(b) states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41(b) does not abrogate the power of courts, "acting on

their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (holding "[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a *sua sponte* order of dismissal") (citing *Link*, 370 U.S. at 626).

**III. Analysis**

In compliance with Rule 37(a)(1) and Local Rule 37.01(a), Wilkie has filed a certificate stating that he made a good faith effort to obtain verified responses to his first set of interrogatories and a response to his requests for production before he filed the pending motion to compel.[2] (Doc. No. 63, PageID# 681.) His correspondence with Wilkie, summarized above, confirms that fact. Boyte's failure to respond to Wilkie's August 21, 2018 motion to compel renders that motion unopposed, as Wilkie points out (Doc. No. 65). Wilkie's motion to compel verified responses to his first set of interrogatories and responses to his first requests for production is therefore granted. Boyte shall produce those items by October 18, 2018. Having granted Wilkie's motion to compel, the Court must award Wilkie the reasonable expenses he incurred in filing that motion unless one of the exceptions listed in Rule 37(a)(5)(A) applies. Boyte is ORDERED to SHOW CAUSE by October 18, 2018, why the Court should not award Wilkie those expenses.

Wilkie has also requested that the Court "preclud[e] [Boyte] from presenting any evidence via documents or other [sic] in responses to any motions or at trial in this matter on the topics

---

[2] Wilkie states that he filed that certificate to comply with "Local Rule 37.01(3)." (Doc. No. 63, PageID# 681.) However, the Court's Local Rules were amended on August 14, 2018, and the rule in question is now Local Rule 37.01(a), which requires that, "before filing any motion to compel discovery . . . counsel for the parties must confer in good faith in an effort to resolve by agreement the issues raised." M.D. Tenn. R. 37.01(a) (good faith attempt at resolution).

covered by the discovery not responded to." (Doc. No. 62, PageID# 651–52.) That is a request for sanctions that is independent of Wilkie's motion to compel. Further, Wilkie has not cited any authority in support of that request. Wilkie's request for sanctions is therefore DENIED WITHOUT PREJUDICE to renewal if appropriate.

Given Boyte's failure to respond to Wilkie's discovery requests and his motion to compel, and her failure to comply with the Court's case management order, the Court is concerned that Boyte is no longer interested in prosecuting this action. Boyte is therefore ORDERED TO SHOW CAUSE by October 18, 2018, why her lawsuit should not be dismissed for failure to prosecute, or for failure to comply with the Court's case management order. Boyte is hereby warned that her failure to respond to this order may result in a recommendation that her case be dismissed.

## IV. Conclusion

For the foregoing reasons, Wilkie's motion to compel is GRANTED IN PART AND DENIED IN PART, as described above.

It is so ORDERED.

ALISTAIR E. NEWBERN
United States Magistrate Judge