IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BARBARA BOYTE, | ) |
|     Plaintiff, | ) ) |
| | ) NO. 3:16-cv-02799 |
| v. | ) JUDGE RICHARDSON |
| | ) |
| ROBERT L. WILKIE, Secretary of the Department of Veterans Affairs, | ) ) ) |
|     Defendant. | ) ) |

## **MEMORANDUM OPINION**

Pending before the Court is Defendant's Motion for Summary Judgment (Doc. No. 67), to which no response has been timely filed, despite extensions of time granted to Plaintiff's counsel. *See* Doc. Nos. 77, 80 and 85. No timely response having been filed, the Motion for Summary Judgment shall be deemed to be unopposed. Local Rule 7.01(a)(3). Plaintiff also failed to file a timely response to Defendant's Statement of Undisputed Facts, as required by Local Rule 56.01(b). Therefore, the asserted facts shall be deemed undisputed for purposes of summary judgment. Local Rule 56.01(f). In addition, Plaintiff failed to respond to Defendant's First Set of Requests for Admissions (Doc. No. 74-1), which are therefore deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3).

The Court may not grant Defendant's Motion solely because Plaintiff failed to respond, however. *LeMaster v. Alternative Healthcare Solutions, Inc.*, 726 F. Supp. 2d 854, 860 (M.D. Tenn. 2010) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). The Court, at a minimum, is required to examine Defendant's Motion for Summary Judgment to ensure that he has discharged his initial burden. *Id*.

# FACTS[1]

Plaintiff was hired by the United States Department of Veterans Affairs ("VA") on February 25, 2013, as a registered nurse ("RN") at the VA Medical Center in Nashville, Tennessee. Plaintiff claims she has a permanent or long-term disability which results in extreme difficulty with communication and hearing. The VA provided her with training on VA Equal Employment Opportunities ("EEO") policies and procedures for initiating claims of discrimination, harassment and retaliation on two different occasions, and she completed both trainings. Those procedures included the requirement to contact an EEO counselor within 45 days of any alleged discriminatory occurrence. 29 C.F.R. § 1614.105(a)(1).

On June 24, 2013, Plaintiff's physician, Dr. Schwaber, submitted to the VA an accommodation request asking that Plaintiff be assigned to a position with no bedside nursing, because she had difficulty with hearing. Doc. No. 69-1 at 1. He stated that the environment should be "low level noise stimulation." *Id*. The accommodation request did not provide notice of any medical restrictions prohibiting Plaintiff from having physical exposure or direct contact with patients, nor did it restrict her from being assigned to environments with potential for exposure to infection. It stated that Plaintiff would be able to work one-to-one or in small groups of patients such as clinics or office environments. *Id*. In response, the VA reassigned Plaintiff from a bedside nursing position as an RN II, Step 12, to an RN Staff Nurse II, Step 12 position, assigned to Outpatient Clinics, at the same pay grade and pay, and Plaintiff accepted that reassignment.

---

[1] Unless otherwise noted, these facts are taken from Defendant's Statement of Undisputed Facts (Doc. No. 72), which, for the reasons mentioned above, are deemed undisputed for purposes of this Motion, and/or from Defendant's First Set of Requests for Admissions (Doc. No. 74-1), which are deemed admitted for purposes of this Motion.

In June 2015, Dr. Schwaber sent the VA another letter, indicating that Plaintiff should not function in a position that involved direct patient contact. Doc. No. 11-2 at 31. The doctor stated that Plaintiff was extremely prone to staph infections. *Id*. Plaintiff requested reassignment to a position that would not involve direct patient contact and that would comply with her doctor's restrictions concerning exposure to staph infections. Because the essential duties of Plaintiff's Staff Nurse II position included responsibility for the direct care of patients, with the limitations requested by her doctor, Plaintiff was no longer able to perform the essential functions of her job as a Staff Nurse II.

The VA notified Plaintiff of its determination that she was no longer able to perform the essential duties of her current nursing position and offered to seek a substitute position for her.[2] The VA also provided her with interim accommodations, such as temporary detail to the Quality Safety Value Section, so that she would not be required to function in a position that included direct patient contact. Plaintiff acknowledged the VA's desire to retrain her to a possible reassignment and indicated that she was willing to consider reassignment to a different type of position for which she was qualified.

The Local Reasonable Accommodation Coordinator ("LRAC") for the Nashville VA worked with Plaintiff to look for vacant positions for which she met the qualifications and that complied with her doctor's restriction of no direct patient contact. The VA was unable to find any open positions that did not involve direct patient contact in the Nashville facility. The LRAC Coordinator asked Plaintiff to identify any positions for which she believed she was qualified and

---

[2] The VA's notification to Plaintiff included its policy statement that the "VA will not be able to create a new position [and is] limited to identifying an existing position." It also notified Plaintiff of its policy that if the VA could not find a suitable position, it had no further obligation to accommodate her. On June 19, 2015, Plaintiff signed the notification form, certifying that she had been put on notice of these policies.

3

that met her doctor's restrictions. Plaintiff did not respond. On August 20, 2015, the VA notified Plaintiff that no nursing positions had been identified which met her doctor's restrictions and asked Plaintiff to provide her updated resume and to follow up with her medical providers for updated medical information regarding her condition and her limitations.

On September 18, 2015, the VA offered Plaintiff reassignment to a position of file clerk/scanning specialist, a position that did not require direct patient contact and complied with Plaintiff's medical restrictions. On October 2, 2015, Plaintiff accepted the reassignment "under protest." She did not request any reasonable accommodation to perform the duties of the new position. Plaintiff's reassignment went into effect on October 4, 2015. Plaintiff initiated contact about this reassignment with the VA Office of Resolution Management on November 20, 2015, more than 45 days later.

Plaintiff filed this action on October 25, 2016. Her Amended Complaint alleged disability discrimination, retaliation, and violation of her due process rights. The Court previously dismissed Plaintiff's hostile work environment claims under the Rehabilitation Act ("RHA") and the Americans with Disabilities Act ("ADA"), her Equal Pay Act claim, her Title VII retaliation claim, and her due process claim. Doc. No. 56. Remaining are Plaintiff's RHA and ADA claims for failure to accommodate, failure to engage in the interactive process, and retaliation.[3]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties

---

[3] By statute, the ADA standards apply in RHA cases alleging employment discrimination. *Thompson v. Williamson Cty, TN*, 219 F.3d 555, 557, n.3 (6th Cir. 2000).

4

will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In other words, even if genuine, a factual dispute that is irrelevant or unnecessary under applicable law is of no value in defeating a motion for summary judgment. *See id.* at 248. On the other hand, "summary judgment will not lie if the dispute about a material fact is 'genuine[.]'" *Id.* A fact is "material" within the meaning of Rule 56(c) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Id*. A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Harris v. Klare*, 902 F.3d 630, 634-35 (6th Cir. 2018).

The party bringing the summary judgment motion has the initial burden of identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Pittman v. Experian Information Solutions, Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018). If the summary judgment movant meets that burden, then in response the non-moving party must set forth specific facts showing that there is a genuine issue for trial. *Id*. at 628. The court should view the facts and draw all reasonable inferences in favor of the non-moving party. *Id*. Credibility judgments and weighing of evidence are improper. *Hostettler v. College of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). As noted above, where there is a genuine dispute as to any material fact, summary judgment is not appropriate. *Id*. The court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id*. The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence upon which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

DISCUSSION

Plaintiff was required to exhaust her administrative remedies as a precondition to asserting her discrimination claims in federal court. *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004). For federal employees, 29 C.F.R. § 1614.105(a)(1) provides that parties who believe they have been discriminated against must "initiate contact with" an EEO counselor within 45 days of the matter alleged to be discriminatory, or in the case of personnel action, within 45 days of the effective date of the discriminatory action. A plaintiff who fails to contact an EEO counselor within 45 days is barred from pursuing a remedy for the discriminatory action in federal court. *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 993 (6th Cir. 2009) ("Failure to timely seek EEO counseling is grounds for dismissal of the discrimination claims.").

Defendant has shown that the VA advised Plaintiff on numerous occasions of this 45-day requirement under 29 C.F.R. § 1614.105(a)(1). Defendant has provided evidence, and Plaintiff has not disputed, that Plaintiff did not initiate contact with the VA's EEO counselor to make an EEO complaint within 45 days of her reassignment. Thus, Defendant has sufficiently demonstrated, and Plaintiff has not disputed, that Plaintiff failed properly to exhaust the required administrative remedies before filing this action.

Alternatively, Defendant has also shown, and Plaintiff has not disputed, that the VA responded to Plaintiff's 2015 request for accommodation, but there were no vacant positions (for which Plaintiff was qualified) that would accommodate the doctor's limitations of no direct patient contact. An employee has the initial burden of proposing an accommodation and proving that it is reasonable. *Gati v. Western Ky Univ.*, No. 18-5732, 2019 WL 364449, at * 3 (6th Cir. Jan. 29, 2019); *Regan v. Faurecia Automotive Seating, Inc.*, 679 F.3d 475, 480 (6th Cir. 2012). In addition, the employee has the burden of proving that she will be capable of performing the essential

functions of the job with the proposed accommodations. *Jakubowski v. Christ Hospital*, 627 F.3d 195, 202 (6th Cir. 2010). Defendant asserts, and Plaintiff has not disputed, that Plaintiff did not point to any vacant positions for which she was qualified, with or without reasonable accommodation.[4]

Defendant has demonstrated that the VA provided interim accommodations for Plaintiff and reasonably worked with Plaintiff, through an interactive process, to look for vacant positions for which she was qualified and that complied with her doctor's restrictions. Defendant has provided evidence that the VA offered Plaintiff reassignment to a file clerk/scanning specialist position that was compatible with the functional limitations set by Dr. Schwaber. Defendant has also shown that the file clerk position was the only position in Nashville that was identified during the reasonable accommodation process that met Plaintiff's doctor's restrictions and for which she was qualified. Plaintiff has not shown otherwise. Defendant has carried his burden to show that the VA did not violate the RHA or the ADA with regard to reasonable accommodation or engaging in the interactive process with Plaintiff.

To establish a retaliation claim, Plaintiff must show, among other things, that the VA took a materially adverse employment action against her because of her protected activity. *O'Gwynn v. Rutherford Cty., Tenn.*, No. 3:17-cv-00503, 2018 WL 5830834 at * 4 (M.D. Tenn. Nov. 6. 2018). Defendant has provided evidence that Plaintiff never received any demotions or reduction in pay, grade, or step at any time during her employment with the VA. Doc. No. 72, ¶ 105; Doc. No. 74-1, ¶ 1. Plaintiff has not disputed this fact or provided any evidence that she suffered an "adverse employment action" because of any retaliatory action by the VA.

---

[4] Implicit in a plaintiff's duty to demonstrate that the employer failed to provide the necessary accommodation is the duty to identify the necessary accommodation. *Willard v. Potter*, 264 F. App'x, 485, 487 (6th Cir. 2008).

## CONCLUSION

For all these reasons, Defendant's Motion for Summary Judgment will be **GRANTED**, and this action will be **DISMISSED**. An appropriate Order will be entered.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE